United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN BERTRAN ARBUCKLE,            No. C-12-3076 EMC (pr)

         Plaintiff,

   v.                                                **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

GREGORY J. AHERN, Sheriff; *et al.*,

         Defendants.
_____/

## I.    INTRODUCTION

Kevin Bertran Arbuckle, an inmate at the Santa Rita Jail in Alameda County, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges in his complaint that jail health services failed to test his blood sugar on one Saturday (*i.e.*, April 21, 2012) during his 18-month stay in the jail. He indicates that he usually has a blood sugar check on Tuesdays and Saturdays. Plaintiff alleges that Corizon Health informed him that his medical record was not flagged to signify that he was a diabetic, and the housing unit nurse stated that he did not test plaintiff because he did not see the order in the charts.

Arbuckle has not alleged facts showing a violation of his constitutional rights. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the deliberate indifference standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but also "must draw the inference." *Id.* at 837. If, at the relevant time, Arbuckle was a pretrial detainee rather than a convict, his claims would arise under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment, but the deliberate standard would still apply to the claim. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of deliberate indifference applicable to pretrial detainees' medical claims). Arbuckle's allegations of one missed blood sugar test suggest, at most, negligence. Negligent medical care does not violate the Eighth or Fourteenth Amendment rights of an inmate and therefore is not actionable under § 1983. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

Although the complaint fails to state a claim upon which relief may be granted, Arbuckle will be given leave to file an amended complaint to attempt to plead a constitutional violation. If he wishes to file an amended complaint, Arbuckle must allege facts suggesting that there was deliberate indifference in the failure to test his blood sugar. He also should explain what, if any harm, was caused by the failure to test his blood sugar on that day. That is, if the blood sugar test was a

diagnostic test, he should explain what difference it made to his health that his blood sugar was not tested on that particular day, if it was tested routinely on other days.

In his amended complaint, Arbuckle must be careful to allege facts showing the basis for liability for each Defendant. He should not refer to them as a group (*e.g.*, "the Defendants"); rather, he should identify each involved Defendant by name and link each of them to his claim by explaining what each involved Defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

### III. CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any Defendant. Leave to amend will be granted so that Arbuckle may attempt to state a claim. The amended complaint must be filed no later than **November 30, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Arbuckle is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: November 1, 2012

_____
EDWARD M. CHEN
United States District Judge