UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN BERTRAN ARBUCKLE,

    Plaintiff,

v.

GREGORY J. AHERN, Sheriff; *et al.*,

    Defendants.
    _____/

No. C-12-3076 EMC (pr)

**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**

## I. INTRODUCTION

Kevin Bertran Arbuckle, an inmate at the Santa Rita Jail in Alameda County, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he alleged that jail health services failed to test his blood sugar on one Saturday during his 18-month stay in the jail, although he normally had his blood sugar checked on Tuesdays and Saturdays. The Court reviewed the complaint under 28 U.S.C. § 1915A and dismissed it with leave to amend. The Court explained that Mr. Arbuckle's allegations suggested non-actionable negligence rather than deliberate indifference. The Court explained that, if he wished to file an amended complaint, Mr. Arbuckle needed to allege facts suggesting that there was deliberate indifference in the failure to test his blood sugar, needed to identify the harm caused by the failure to test his blood sugar that day, and needed to allege facts showing the basis for liability for each defendant. Mr. Arbuckle then filed an amended complaint, which is now before the Court for review under § 1915A.

## II. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Like the original complaint, the amended complaint concerns the medical care of Mr. Arbuckle during his incarceration at the Santa Rita Jail, but covers a larger time period and is much more confusing than the original complaint. The Court cannot understand enough of Mr. Arbuckle's allegations to determine whether he states a claim against any particular defendant. Leave to amend will be granted so that Mr. Arbuckle will have one last chance to attempt to allege his claims. He must take the following into account in preparing his second amended complaint.

First, the amended complaint has a jumbled, often contradictory, narrative that leaves the reader guessing as to what Mr. Arbuckle is trying to allege. For example, he alleges that he "was examined and treated by Santa Rita Jail CCC medical personnel on almost a daily basis from his initial confinement on Dec. 26, 2010, until now," Docket # 7, p. 4, he was treated with various medications on or about April 21, 2012, *id.*, he "was seen and treated repeatedly by Santa Rita Jail CCC medical personnel" after his return from the jail medical center on or about April 21, 2012, *id.*, and that he was *not* examined by any medical specialist after his release on April 21 until April 26, 2012, *id.* at 5. It is not clear what claim Mr. Arbuckle is attempting to allege about this time period, especially in light of the fact that his original complaint alleged that someone did not check his blood sugar on April 21, 2001. Docket # 1, p. 3. In his second amended complaint, Mr. Arbuckle must describe what happened that he believes violated his constitutional rights. He should explain what each defendant did or failed to do that caused a violation of his constitutional rights. He also should state that date(s) on which the event(s) happened.

In his second amended complaint, Mr. Arbuckle must allege facts suggesting that there was deliberate indifference in the failure to test his blood sugar. He also should explain what, if any harm, was caused by the failure to test his blood sugar. That is, if the blood sugar test was a diagnostic test, he should explain what difference it made to his health that his blood sugar was not tested on that particular day, if it was tested routinely on other days. For example, if it is the truth, he might allege that his blood sugar medicine was adjusted daily based on the results of his blood sugar tests and could not be properly adjusted that day without the test results. Similarly, if he wants to contend that his blood pressure was not checked, he might explain whether his blood pressure medicine was adjusted daily in response to the blood pressure tests. If he wants to allege that he was denied other medical care, he needs to be specific as to what that care was – it is not enough for him to simply state that he was denied "treatment" or "medication."

Second, Mr. Arbuckle did not comply with the Court's direction to allege facts showing the basis for liability for each defendant, and he once against refers to groups of people as "defendants," which prevents the Court from determining whether a claim is stated against any particular individual. He also disregarded the Court's directions as to what needed to be alleged if he wanted to attempt to hold supervisors liable. In his second amended complaint, Mr. Arbuckle must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (*e.g.*, "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He also needs to provide names of people, and not merely refer to them as "the doctor" or "a nurse."

Third, Mr. Arbuckle named Sheriff Gregory Ahern, medical director Michael Harris, and Corizon Health (the company that provides the health services for the jail) as defendants, all apparently on the theory that they are liable because they are in charge of the facilities at which the alleged wrongdoers may have worked. There is no respondeat superior liability under § 1983, *i.e.* no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under § 1983 upon a showing of (1)

personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

Fourth, much of the amended complaint appears to have been copied from a form book or someone else's form complaint. It is not necessary for the *pro se* plaintiff to discuss his legal theories. One of the primary purposes of a complaint is to give the Court and defendants notice of the plaintiff's claims. That is why it is essential for a *pro se* plaintiff to provide a statement of facts that clearly sets out what each defendant did or failed to do that caused a violation of the plaintiff's constitutional rights.

### III. CONCLUSION

The amended complaint fails to state a claim upon which relief may be granted against any defendant. Leave to amend will be granted so that Mr. Arbuckle may attempt to state a claim. The second amended complaint must be filed no later than **April 26, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the second amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: March 19, 2013

EDWARD M. CHEN
United States District Judge