United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BERTRAN ARBUCKLE,<br><br>  Plaintiff,<br><br>  v.<br><br>GREGORY J. AHERN, Sheriff; *et al.*,<br><br>  Defendants.<br>_____/ | No. C-12-3076 EMC (pr)<br><br>**ORDER OF SERVICE** |

## I.   INTRODUCTION

Kevin Bertran Arbuckle, an inmate at the Santa Rita Jail in Alameda County, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in which he alleged that jail health services failed to test his blood sugar on one Saturday during his 18-month stay in the jail, although he normally had his blood sugar checked on Tuesdays and Saturdays. The Court reviewed the complaint under 28 U.S.C. § 1915A and dismissed it with leave to amend. Mr. Arbuckle then filed an amended complaint, which the Court found to be so confusing that the Court could not determine whether it stated a claim against anyone. The Court explained the various problems in the pleading and dismissed the amended complaint with leave to file a second amended complaint so that Mr. Arbuckle would have "one last chance to attempt to allege his claims." Docket # 10, p. 2. Mr. Arbuckle filed a second amended complaint, which is now before the Court for review under § 1915A.

///

///

///

## II. DISCUSSION

A. Review of Second Amended Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The second amended complaint alleges that Michael Harris, a member of the jail's medical staff, refused to check Mr. Arbuckle's blood pressure and blood sugar levels on scheduled days in April 2012, including specifically April 21, 2012.[1] Mr. Arbuckle further alleges that, after his blood pressure and blood sugar levels were not checked on April 21, he felt weak and dizzy, passed out and was taken to the hospital. He further alleges that, before he went to the hospital an unnamed nurse saw him and called an unnamed doctor, who directed that the prisoner-patient was not to be given any more medications at the jail until he returned from the hospital.

The second amended complaint, liberally construed, states a cognizable claim against Michael Harris for deliberate indifference to Mr. Arbuckle's serious medical needs based on his alleged failure to test the blood pressure and blood sugar levels. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to a prisoner's serious medical needs violates the Eighth

---

[1] The second amended complaint, like the earlier pleadings, presents a rather confusing description of Mr. Arbuckle's medical problems. The claim described in the text is the only claim that has a defendant and identifies a harm (as required by the earlier orders), and that the Court is able to understand. The second amended complaint invites the reader to read through the 400 pages of medical records submitted to search for additional claims. The Court will not do that, as it is a plaintiff's responsibility to be sure his pleading provides a complete statement of his claims.

1  Amendment).  If, at the relevant time, Mr. Arbuckle was a pretrial detainee rather than a convict, his
2  claim would arise under the Due Process Clause of the Fourteenth Amendment rather than under the
3  Cruel and Unusual Punishment Clause of the Eighth Amendment, but the deliberate standard would
4  still apply to the claim.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of
5  deliberate indifference applicable to pretrial detainees' medical claims).

6  Even with liberal construction, the second amended complaint does not state a claim against
7  the unnamed doctor who was consulted and determined that the prisoner-patient who was going to a
8  hospital was not to be given medication before he went to the hospital.  The allegations show the
9  considered exercise of medical judgment, and are not suggestive of deliberate indifference.  In order
10 to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must
11 show that the course of treatment the doctors chose was medically unacceptable under the
12 circumstances and that he or she chose this course in conscious disregard of an excessive risk to
13 plaintiff's health.  *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*,
14 90 F.3d 330, 332 (9th Cir. 1996).  Mr. Arbuckle apparently would have liked the doctor to have
15 ordered some kind of medication before he was taken to the hospital, but does not identify what the
16 medication was, or that any medical care provider ever ordered such medication, or that it would
17 have been medically appropriate for a patient on his way to a hospital.  The second amended
18 complaint's allegations show no more than a difference of opinion about the appropriate way to
19 handle the inmate who was bound for a hospital and are inadequate to state a claim upon which
20 relief may be granted.  *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference
21 of opinion between a prisoner-patient and prison medical authorities regarding treatment does not
22 give rise to a § 1983 claim.")

23 The second amended complaint does not state a claim against Alameda County Sheriff
24 Gregory Ahern or against Corizon Health (*i.e.*, the jail medical care provider).  Mr. Arbuckle alleges
25 that they are "'liable in his individual capacity for his [*1209] own culpable action or inaction in the
26 training, supervision, or control of his subordinates.'"  Docket # 11, p. 3 (errors in source).  His
27 recitation of a legal standard from a case (complete with the West Publishing star pagination
28 number) does not suffice to allege liability on a failure to train or supervise theory.  He contends that

3

the alleged basis for liability is shown in the grievances that he submitted to the Court. It is a plaintiff's obligation to write out a complete statement of his claims, rather than to expect the Court to read through exhibits to piece one together for him. In any event, none of the grievances in Docket # 12 show or suggest a failure to train, supervise or control. The second amended complaint does not allege facts showing supervisor liability because it does not allege personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). And there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). The Sheriff and Corizon Health are dismissed from this action.

B.  Request for Appointment of Counsel

Mr. Arbuckle has requested that the Court appoint counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The exhibits he submitted with his second amended complaint contain information suggesting a low likelihood of success on the merits. The request for appointment of counsel is **DENIED**. (Docket # 9.)

### III. CONCLUSION

1. The second amended complaint states a cognizable § 1983 claim against Michael Harris for deliberate indifference to Plaintiff's medical needs in violation of his rights under the Eighth Amendment or Fourteenth Amendment. All other claims and defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the

documents in the case file upon Michael Harris, who apparently works for Corizon Health at the Santa Rita Jail in Alameda County.

    3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **August 2, 2013**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendant files a motion to dismiss for non-exhaustion of administrative remedies, Defendant must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time he files such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **August 30, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **September 13, 2013**.

    4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect

5

the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

5. All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

6

to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

9. Plaintiff's request for appointment of counsel is **DENIED**. (Docket # 9.)

IT IS SO ORDERED.

Dated: June 12, 2013

_____
EDWARD M. CHEN
United States District Judge

7